(No. 6451. July 21, 1937.)

C. L. THOMPSON, Appellant, v. DOROTHY LACY GOBLE (Formerly DOROTHY LACY PORTER), MRS. JOHN HENDRICKSON, THE CITY OF MOSCOW, SADIE E. BROWN (Formerly SADIE E. BOE), H. S. GREEN, STANDARD ASPHALT PAVING COMPANY et al., Respondents.

[71 Pac. (2d) 100.]

Guy W. Wolfe and J. H. Felton, for Appellant.

Weldon Schimke, for Respondents.

HOLDEN, J. — Plaintiff Thompson brought this suit against the City of Moscow, and others, to quiet his alleged title to the following described property located in Moscow, Latah county, Idaho:

"Lot Seven (7), Block Five (5) McGregor's Addition to Moscow; Lots One (1) and Two (2), Block Two (2), McGregor's Second Addition to Moscow; South Half of Block Three (3), Robbins' Addition to Moscow, Idaho."

All of the defendants, except H. S. Green, Standard Asphalt Paving Company, and the City of Moscow defaulted, after which plaintiff and said defendants stipulated the facts. Upon the facts so stipulated, the trial court, by decree, quieted title in plaintiff to the following described property:

"Lots One (1) and Two (2) in Block Two (2) of McGregor's Second Addition to Moscow; and the North Eight (8) feet of the South Half of Block Three (3) of Robbins' Addition to the City of Moscow."

It also quieted in defendant city, title to the following described property:

"Lot Seven (7) in Block Five (5) of McGregor's Addition to the City of Moscow and the South Half (except the North Eight (8) feet) of Block Three (3) of Robbins' Addition to the City of Moscow."

And from that part of the decree quieting title to the last above-described property in the city of Moscow, plaintiff Thompson appeals to this court.

At the outset, it may be stated that the respondents concede the trial court erred in so far as it decreed title to the property in question to the City of Moscow, but contend that the city was, and is, entitled to a decree adjudging it to have a good and valid lien against the property for and on account of the levying of assessments by certain local improvement districts hereinafter mentioned. Plaintiff, on the other hand, contends that the lower court erred in refusing to quiet title to the property in him, and in quieting title thereto in respondent city.

The facts were stipulated, from which it appears that respondent, by ordinance, created four local improvement districts for the improvement of certain streets in the City of Moscow, and that the property in question on this appeal is located in Local Improvement Districts 32, 33, and 44; that the ordinance creating Local Improvement District No. 32 was passed May 13, 1927, that the ordinance was published

May 14, 1927, and that the assessment roll assessing total benefits and costs of the improvement was adopted and confirmed December 20, 1927; that the ordinance creating Local Improvement District No. 33 was passed, the ordinance published, and assessment roll adopted and confirmed on the same days, respectively, as District No. 32; that the ordinance creating Local Improvement District No. 44 was passed June 9, 1928, that the ordinance was published June 26, 1928, and that the assessment roll assessing total benefits and costs of the improvement was adopted and confirmed December 17, 1928; that the assessments of said districts, respectively, were not paid in cash within the period provided by law, and that payment thereof was permitted in ten annual instalments.

It further appears from the stipulation, as to District No. 32, that the instalments, respectively, for the years 1928, 1929, 1930, 1931, 1932, 1933, 1934, and 1935 were due on or before December 20th of each of said years, and that such instalments, respectively, became delinquent, and that a penalty of two per cent, and interest on the penalty and instalments at the rate of ten per cent per annum, accrued December 21st of each year; that as to District No. 33, covering the same period, the instalments, respectively, were due on or before December 20th of each year of said period, and that such instalments, respectively, became delinquent, and that said penalty and interest accrued thereon December 21st of each year of said period; and as to District No. 44, it appears that the instalments, respectively, of the total assessment were due on or before January 20th, for the years 1929, 1930, 1931, 1932, 1933, 1934, and 1935, and that such instalments, respectively, became delinquent and subject to penalty and interest January 21st of each of said years.

It was stipulated that on December 21, 1930, "by reason of the delinquency of Local Improvement District assessments," the treasurer of the city of Moscow executed two tax deeds showing a conveyance of the property in question to said city, and that the deeds were acknowledged before the police judge of Moscow and recorded January 31, 1931.

And it was further stipulated that on January 6, 1931, the treasurer of Latah county executed and delivered to that

county tax deeds to the property in question by reason of the delinquency of the 1927 taxes, and that such tax deeds were recorded February 10, 1931; that January 4, 1932, the treasurer of Latah county issued two additional tax deeds to that county for the same property for taxes for the year 1927, and that such deeds were recorded January 26, 1932; that no notice of the issuance of said last-mentioned tax deeds was given to respondent City of Moscow; that August 12, 1935, Latah county sold and conveyed the property in question (which it acquired by tax deeds) to plaintiff Thompson, the said last-mentioned deed being recorded August 26, 1935; that the general taxes levied for the year 1927 and subsequent years, by Latah county, until the date of said last-mentioned deed, were unpaid; that no part of the purchase price of the property in question was paid by the treasurer of that county to the City of Moscow, or to any of said improvement districts.

It is also stipulated by the parties that notice of the issuance of the first tax deeds, dated January 6, 1931, was given, which shows a compliance with the statute requiring notice, so far as the issuance of those tax deeds is concerned.

The decisive question in this case is: Did the deed of Latah county, dated August 12, 1935, convey the property in question to the plaintiff free from the lien of the assessments levied by said improvement districts?

Section 61–1009, I. C. A., provides that the tax collector must, on or before the first Monday of January of each succeeding year, enter all delinquent taxes in the proper colums provided therefor in the real property assessment roll, and that such entry shall be dated as of the first Monday of January of each year and shall have the force and effect of a sale to the tax collector as grantee in trust for the county. Section 61–1014, I. C. A., provides that upon the making of such delinquency entry in the real property assessment roll as provided in section 61–1009, *supra*, the county is deemed to be the purchaser of the property described in such delinquency entry, and it is provided by section 61–1022, I. C. A., that such delinquency entry shall entitle the county to a tax deed for such property, and by section 61–1032, I. C. A., it

is provided that such deed conveys to the grantee the absolute title to the property described therein, free of all encumbrances except mortgages of record to the holders of which notice has not been sent as provided in section 61–1027, I. C. A., and except any lien for taxes which may have attached subsequently to the assessment.

The statute (section 3423, C. S.) authorizing boards of county commissioners to sell and convey real property acquired by counties by tax deeds was amended in 1927. The amendment was passed and approved March 7, 1927 (1927 Sess. Laws, p. 212). The 1927 session of the legislature adjourned March 3d, 1927; therefore, the amendment became effective May 3d, 1927 (sixty days after adjournment), about ten days before any of the improvement districts were created. Therefore, all of the improvement district assessments levied, as well as all titles conveyed, or attempted to be conveyed (growing out of the delinquency of such assessments), were levied and titles taken subject to the provisions of the 1927 amendment. The amendment provided, among other things, that a sale of real property by a board of county commissioners shall, subject to its provisions (not pertinent here), "vest in the purchaser all of the right, title and interest of the county in the property so sold, including all delinquent taxes which have become a lien on the property since the date of the tax sale certificate upon which any tax deed has been issued." Therefore, the sale of the property in question by Latah county to the plaintiff, August 12, 1935, had the effect (under the provisions of the 1927 amendment, *supra*) of canceling and vacating all of the delinquent improvement district taxes which had been become a lien on the property after the entry of the 1927 taxes as delinquent, as provided by sections 61–1009 and 61–1014, *supra* (the statute providing for the issuance of tax sale certificates having been repealed) ; consequently, the plaintiff took title to the property, freed from the liens of the improvement districts attaching between the date of the entry of such taxes as delinquent, and August 12, 1935, the date Latah county sold and conveyed the property to the plaintiff.

While it is true that the period within which the owners of the property might have redeemed was extended from three to a period of four years as to 1927 and 1928 delinquent taxes (Emergency Act, Sess. Laws 1931, p. 283), the property owners failed to redeem their property within the four-year period, that period having expired before Latah county conveyed the property to plaintiff.

That the Emergency Act, *supra,* did not in any manner affect the validity of tax deeds theretofore issued is clear from the provisions of the act itself, which reads as follows:

"Tax Deed: Issuance. If the property is not redeemed within three years from the date of the delinquency entry, the tax collector or his successor in office must make to the County a deed to the property, provided, that . . . . *as to the taxes levied for the years 1927 and 1928, the period of redemption shall be four years.*"

It will be observed that the Emergency Act, *supra,* was passed for the sole purpose of extending the period within which property might be redeemed "as to the taxes levied for the years 1927 and 1928," from a period of three to a period of four years. Hence, the title of the county to the property in question acquired by the tax deeds issued January 6, 1931, was not affected by the passage of the Emergency Act.

It follows that the decree of the district court must be, and is, reversed, with instructions to the trial court to enter a decree quieting title to the property in question in plaintiff. Costs awarded to appellant.

Morgan, C. J., and Givens, J., concur.

AILSHIE, J. (Concurring).—I concur upon the ground stated in the opinion, and upon the authority of *Smith v. City of Nampa,* 57 Ida. 736, 68 Pac. (2d) 344.

ON PETITION FOR REHEARING.

(Aug. 30, 1937.)

AILSHIE, J.— A petition for rehearing has been filed and we infer from its contents that counsel have not noted the distinctions we have heretofore made between the "aggregate apportionment of benefits to be paid in a number of installments" by property owners in an improvement district and the "annual installment assessments as spread on the tax rolls for a specific year." (See *Smith v. City of Nampa*, 57 Ida. 736, 68 Pac. (2d) 344.) It is the latter instalment assessments to which reference was made in the original opinion herein wherein it is said: "Consequently the plaintiff took title to the property freed from the liens of the improvement districts attaching between the date of the entry of such taxes as delinquent, and August 12, 1935, the date Latah county sold and conveyed the property to the plaintiff." When this case goes back to the district court the decree to be entered should be limited to quieting the title as against such annual instalment assessments as were spread on the tax rolls for the specific years between the date of the tax sale certificate (or delinquency entry) upon which the tax deed was issued, and the date of sale by the county to appellant.

A rehearing is denied.

Morgan, C. J., and Holden and Givens, JJ., concur.

Budge, J., did not participate in the original decision nor did he take part in consideration of the petition for rehearing.