(No. 6841.   July 9, 1941)

HARRY HERBERT and CAPITOLA HERBERT, husband and wife, Respondents, A. G. KESTER, Appellant.

(115 Pac. (2d) 417)

Ralph Hubbard, for Appellant.

Durham & Hyatt, for Respondents.

GIVENS, J.—Respondents purchased at private sale, 1939, from Nez Perce County, Lots 4 and 5, Block 26, Yantis Addition to the City of Lewiston, the county having previously acquired these lots for delinquent taxes levied on Lot 4 in 1928 and on lot 5 in 1929.

Special Improvement District No. 29, encompassing these lots had been established by the city in 1927. Ten year bonds had been issued therefor. The proportionate assessments between 1928 and 1937 against these lots to pay these bonds were unpaid and delinquent at the time of the above sale by the county to respondent. Appellant owns all the unpaid outstanding bonds of this district.

Appellant resists respondent's suit to quiet title to these lots, contending the charter of Lewiston, 1907 S. L. 349, places such sales as the above by the county, of lands in a local or special improvement district, in a different category than under the general statutes, and notice not having been given him as required by Sec. 61-1027 I. C. A.[1] the sale was invalid.

Such section, not the charter of Lewiston, provides for notice of tax delinquency and impending issuance of deed to the county, *if requested.* The stipulation of facts shows no notice was requested. No section of the charter has been called to our attention which requires notice to the bondholder, so if the sale was under the charter no notice is required; if under the general statute none was requested. Furthermore the general statutes, not the charter, sets up the machinery for the sale of property by the counties for delinquent taxes. Hence appellant is not entitled to relief.

Otherwise the case is not distinguishable from *Smith v. City of Nampa,* 57 Ida. 736, 68 P. (2) 344.

Judgment affirmed.

Costs to respondent.

[1] Secs. 61-1027 I. C. A., provides in part: " .... The treasurer shall at the same time send a similar notice by registered mail to each mortgagee or other holder of a recorded lien against such land in every case where such mortgagee or lienholder has previously filed in the office of the treasurer a written request for such notice.... "

Budge, C.J. and Ailshie, J. concur.

HOLDEN, J., concurring specially—While it appears special improvement district No. 29 embracing the property in question was established by the city in 1927 and that later, just when the record does not disclose, ten year bonds were issued to pay the costs of the improvement instead of collecting the entire assessment at one time, it does not appear when the assessment roll was approved and confirmed by the city council—whether before or after the amendment of Section 3423 C. S. (now Section 30-708, I. C. A.) made in 1927 (1927 S. L. p. 212), became effective. It does appear however that installments or proportionate assessments were levied by district No. 29 between 1928 and 1937, after the amendment became effective, and that the same were unpaid and delinquent at the time of the sale of such property to respondents by the county. There can be no doubt but that if the assessment roll of this improvement district had actually been approved and confirmed by the city council and the assessments had become a lien upon the property in the district prior to the enactment of the above-mentioned amendment, appellant would have affirmatively shown that to be the fact.

As was pointed out in *Thompson v. Goble,* 58 Idaho 126, 131, 71 P. 2d 100, this amendment "provided, among other things, that a sale of real property by a board of county commissioners shall, subject to its provisions (not pertinent here), 'vest in the purchaser all of the right, title and interest of the county in the property so sold, including all delinquent taxes which have become a lien on the property since the date of the tax sale certificate upon which any tax deed has been issued.' Therefore, the sale of the property in question by Latah county to the plaintiff, August 12, 1935, had the effect (under the provisions of the 1927 amendment, supra) of canceling and vacating all of the delinquent improvement district taxes which had become a lien on the property after the entry of the 1927 taxes as delinquent, as provided by sections 61-1009 and 61-1014, supra (the statute providing for the

issuance of tax sale certificates having been repealed) ; consequently, the plaintiff took title to the property freed, from the liens of the improvement districts attaching between the date of the entry of such taxes as delinquent, and August 12, 1935, the date Latah county sold and conveyed the property to the plaintiff."

Applying the rule announced in *Thompson v. Goble, supra,* to the facts affirmatively shown in this case, to-wit, that the installment assessments were levied and became delinquent after the amendment became effective, respondent took title to the property conveyed by Nez Perce County freed from the installments or proportionate assessments levied against the property between 1928 and 1937, because county property is exempt from taxation (Article VII, Section 4, Idaho Constitution). Therefore and upon the authority of *Thompson v. Goble, supra,* I concur.

Mr. Justice Morgan authorizes me to say he concurs in the views herein expressed.